IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| GWENDOLYN APPELDORN, | : | Civil Action No. |
| Plaintiff, | : | |
| vs. | : | |
| BUDZIK & DYNIA, LLC, | : | |
| Defendant. | : | |

## COMPLAINT

Plaintiff Gwendolyn Appeldorn, by her attorney, Ray Johnson and for her claims against the Defendant states:

### I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter, "FDCPA") and the Iowa Unlawful Debt Collection Practices Act, Iowa Code § 537.7103, et. seq. (hereinafter, "State Act") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and 15 U.S.C. §1692k(d). Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. § 1367. Venue is proper in this District under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to this claim occurred in this district.

## III. PARTIES

3. Plaintiff, Gwendolyn Appeldorn, is a natural person now residing in West Des Moines, Iowa.

4. Mrs. Appeldorn is a "consumer" within the meaning of the FDCPA, 15 U.S.C. § 1692a(3) and Iowa Code § 537.1301(11).

5. Defendant, Budzik & Dynia, LLC (hereinafter "Budzik & Dynia") is an Illinois-based law firm that regularly engages in debt collection on behalf of its creditor clients in Iowa.

6. Budzik & Dynia is a "debt collector" within the meaning of the FDCPA, 15 U.S.C. § 1692a(6) and Iowa Code § 537.7102(5).

## IV. FACTUAL ALLEGATIONS

7. Budzik &Dynia, on behalf of FIA Card Services, is attempting to collect a disputed debt from Mrs. Appeldorn.

8. On November 8, 2011, Mrs. Appeldorn's attorney contacted Budzik & Dynia to dispute the alleged debt, request verification, and advise Budzik & Dynia that all further communications were to be directed to Mrs. Appeldorn's attorney. Mrs. Appeldorn's attorney requested Budzik & Dynia cease all direct communications with Mrs. Appeldorn.

9. On November 28, 2011, Mrs. Appeldorn's attorney sent a letter to Budzik & Dynia regarding settlement of the alleged debt. Mrs. Appeldorn's attorney's contact information was included in the letter.

10. Despite Mrs. Appeldorn's attorney's request to cease communication with Mrs. Appeldorn directly, on December 14, 2011, Budzik & Dynia sent a collection/settlement letter to Mrs. Appeldorn. The letter not only attempted to settle the debt directly with Mrs. Appeldorn, it also contained false information regarding the status of settlement of the debt.

## V. FIRST CLAIM FOR RELIEF

(Budzik & Dynia's Violations of Federal FDCPA)

11. Mrs. Appeldorn incorporates by reference all facts and allegations set forth in the Complaint.

12. Budzik & Dynia is a "debt collector" within the meaning of 15 U.S.C. § 1692c(a)(6).

13. Mrs. Appeldorn's alleged obligation to Budzik & Dynia is a "debt" within the meaning of 15 U.S.C. § 1692c(a)(5).

14. The December 14, 2011 collection letter Budzik & Dynia sent directly to Mrs. Appeldorn is a "communication" as defined by 15 U.S.C. § 1692c(a)(2).

15. Budzik & Dynia violated the FDPCPA. Defendant's violations include, but are not limited to, the following:

    a.  Defendant violated 15 U.S.C. § 1692c(a)(2) when Defendant knew Plaintiff was represented by an attorney, had the attorney's contact information, was directed not to communicate with Plaintiff, but nevertheless, continued to contact Plaintiff directly.

16. As a result of the above violations of the FDCPA, Budzik & Dynia is liable to Mrs. Appeldorn for her actual damages, statutory damages, costs, and attorney's fees.

## VI. SECOND CLAIM FOR RELIEF

(Budzik & Dynia's Violations of the State Act)

17. Mrs. Appeldorn incorporates by reference all facts and allegations set forth in the Complaint.

18. The alleged obligation of Plaintiff to Budzik & Dynia is a "debt" as defined by Iowa Code § 537.7102(3).

19. Budzik & Dynia is a "debt collector" engaged in "debt collection" as defined by Iowa Code §§ 537.7102(4) and (5).

20. Budzik & Dynia violated the State Act. The foregoing acts, omissions, and practices of Budzik & Dynia are violations of Iowa Code § 537.7103, including but not limited to:

    a.  Defendant violated Iowa Code § 537.7103(1)(f) by taking action prohibited by this chapter or any other law.

    b.  Defendant violated Iowa Code § 537.7103(5)(e) by contacting the Plaintiff after the Defendant knew the Plaintiff was represented by an attorney and was explicitly instructed not to do so.

21. As a proximate result of the above violations, Mrs. Appeldorn has suffered actual damages and injury for which she should be compensated in an amount to be proven at trial.

VII. RELIEF REQUESTED

**WHEREFORE**, Mrs. Appeldorn respectfully requests judgment be entered against Budzik & Dynia for the following:

A. Actual damages;

B. Statutory damages pursuant to 15 U.S.C. § 1692k.

C. Statutory damages pursuant to Iowa Code § 537.5201(1).

D. Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k and Iowa Code 537.5201(8).

E. For such other relief as the Court deems just and appropriate.

Respectfully submitted,

_____
RAY JOHNSON
AT0004019

4

Johnson Law Firm
950 Office Park Rd.
Suite 221
W. Des Moines, Iowa 50265
Phone: (515) 224-7090
Fax: (515) 222-2656
Johnsonlaw29@aol.com